# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

DONNA VADEN,

       Plaintiff,

v.                                              CASE NO. 4:09cv12-RH/WCS

HON. LARRY CAMPBELL,
et al.,

       Defendants.

_____/

## ORDER DISMISSING NEGLIGENT-ENFORCEMENT CLAIM

The plaintiff Donna Vaden was charged with a crime under Florida law and assigned to a county work camp. She alleges that the deputy sheriff who ran the camp coerced her into having sex with him. She now sues not the deputy sheriff but his boss—Leon County Sheriff Larry Campbell—in his official capacity. She seeks a damages award under federal and state law.

The state-law claims are for negligent supervision or retention of the deputy (count V) and negligent enforcement of policies (count VI). The Sheriff has moved to dismiss these claims. He has not moved to dismiss the federal claims. I deny the motion to dismiss the negligent-supervision-or-retention claim but grant

the motion to dismiss the negligent-enforcement claim.

## I.  Standards on a Motion To Dismiss

The Supreme Court recently set forth the standards governing a motion to dismiss:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. [544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d. 929 (2007)] (quoting *Conley v. Gibson*, 355 U.S. 41, 47[, 78 S. Ct. 99, 2 L. Ed. 2d 80] (1957)).  In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.  *Bell Atlantic Corp.*, *supra*, at [555] (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n.1[, 122 S. Ct. 992, 152 L. Ed. 2d 1] (2002); *Neitzke v. Williams*, 490 U.S. 319, 327[, 109 S. Ct. 1827, 104 L. Ed. 2d 338] (1989); *Scheuer v. Rhodes*, 416 U.S. 232, 236[, 94 S. Ct. 1683, 40 L. Ed. 2d 90] (1974)).

*Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).  The court must accept the complaint's allegations as true "even if [the allegations are] doubtful in fact." *Twombly*, 550 U.S. at 555.

A complaint thus "does not need detailed factual allegations." *Id*.  Nor must a complaint allege with precision all the elements of a cause of action. *See Swierkiewicz*, 534 U.S. at 514-15 (rejecting the assertion that a Title VII complaint could be dismissed for failure to plead all the elements of a prima facie case).

But neither is a conclusory recitation of the elements of a cause of action

alone sufficient.  A complaint must include more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  A complaint must include "allegations plausibly suggesting (not merely consistent with)" the plaintiff's entitlement to relief.  *Id.* at 545.  The complaint must set forth facts—not mere labels or conclusions—that "render plaintiffs' entitlement to relief plausible."  *Id.* at 569 n.14.

A district court thus should grant a motion to dismiss unless "the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009) (emphasis added).  This is so because

> the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, *supported by mere conclusory statements*, do not suffice. . . . [Federal] Rule [of Civil Procedure] 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff *armed with nothing more than conclusions*.

*Id.* at 1949-50 (emphasis added).

## II.  Introduction

The Sheriff asserts he owed Ms. Vaden no duty to use reasonable care in supervising or retaining the deputy sheriff or in enforcing the applicable policies.  The Sheriff also asserts the claims are barred by sovereign immunity.  Section III

of this order addresses the negligent-supervision-or-retention claim. Section III.A. concludes that the Sheriff owed Ms. Vaden a duty to use reasonable care in supervising or retaining the deputy. Section III.B. concludes the Sheriff has no sovereign immunity from this claim. Section IV addresses the negligent-enforcement-of-policies claim. Section IV.A. concludes that the Sheriff owed Ms. Vaden no duty to use reasonable care in enforcing the applicable policies, requiring dismissal of the claim. Section IV.B. concludes that the Sheriff also has sovereign immunity from this claim.

## III. Negligent Supervision and Retention

### A. Duty

Florida law recognizes a claim for negligent supervision or retention and imposes these requirements:

> To state a cause of action for negligent supervision or negligent retention under Florida law the claimant must allege: (1) the existence of a relationship giving rise to a legal duty to supervise; (2) negligent breach of that duty; and (3) proximate causation by virtue of the breach.

*Albra v. City of Ft. Lauderdale*, 232 Fed. Appx. 885, at *2 (11th Cir. 2007); *see also Dep't of Envtl. Prot. v. Hardy*, 907 So. 2d 655, 660 (Fla. 5th DCA 2005) ("Negligent supervision occurs when during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further actions

such as investigation, discharge, or reassignment.").

Had Ms. Vaden been a customer of the defendant's private business, and had she been sexually assaulted by a negligently supervised or retained employee, she would plainly have a claim against the employer for negligent supervision or retention of the employee. The Sheriff doesn't seem to deny this.

But the duties owed by a public law enforcement agency or officer are not the same as those owed by an ordinary private employer. A threshold question is whether the Sheriff owed Ms. Vaden a duty of care. *See McCain v. Fla. Power Corp.*, 539 So. 2d 500, 502 (Fla. 1992) (noting that the existence of a duty of care is a "minimal threshold legal requirement for opening the courthouse doors") (internal citations and emphasis omitted); *Hardy*, 907 So. 2d at 600 ("The employer's liability for negligent supervision is not, however, unlimited; . . . the employer [must] owe a duty to the plaintiff").

A person injured by a government actor in the course of enforcing the laws for the general protection of the public ordinarily has no claim, because the actor owes no actionable common-law duty of care to the general public. *See Trianon Park Condo. Assoc. v. City of Hialeah*, 468 So. 2d 912, 919 (Fla. 1985). A person injured by a government actor does have a claim, however, if the government actor owes the person a special duty of care. *Id.* ("the plaintiff must be given an opportunity to plead facts alleging that the governmental actor owed the alleged

tort victim a '*special duty of care*' (i.e., to plead exceptions to the public-duty doctrine)."). A special duty of care arises "when law enforcement officers become *directly involved* in circumstances which place people *within a 'zone of risk'* by [1] *creating or permitting* dangers to exist, [2] by taking persons into police *custody*, [3] *detaining* them, *or* [4] *otherwise subjecting them to danger*." *Wallace v. Dean*, No. SC08-149, 2009 WL 196394, at *7 (Fla. Jan. 29, 2009) (quoting *Pollock v. Fla. Dep't of Highway Patrol*, 882 So. 2d 928, 935 (Fla. 2004)) (emphasis in original).

Ms. Vaden has sufficiently alleged the existence of a special duty of care. Ms. Vaden was deprived of her liberty by being required to participate in the work program. The Florida Supreme Court has said:

> Under our case law, our courts have found liability or entertained suits after law enforcement officers took persons into custody, otherwise detained them, deprived them of liberty or placed them in danger. . . . So long as petitioner was placed in some sort of "custody" or detention, he is owed a common law duty of care.

*Kaisner v. Kolb*, 543 So. 2d 732, 734 (Fla. 1989).

As the person responsible for the work program, the Sheriff had a duty to use reasonable care in supervising and retaining an employee. The duty included, at least, using reasonable care to prevent an employee from sexually assaulting a participant in the program.

Under *Twombly* and *Iqbal*, Ms. Vaden's allegations that the Sheriff had

notice of the deputy's propensities and negligently failed to act are very near the boundary between factual allegations that are sufficient and conclusory allegations that are not. But she alleges she was sexually assaulted by the deputy, that he had been sexually aggressive before, and that the Sheriff should have known it and put a stop to it. The allegations plausibly assert a claim for negligent supervision or retention. I conclude that the allegations are sufficient.

### B. Sovereign Immunity

Florida law broadly waives sovereign immunity for tort claims against government actors. *See* Fla. Stat. § 768.28 (2008). The waiver of sovereign immunity does not, however, extend to tort claims based on discretionary functions. *See Avallone v. Bd. of County Comm'rs.*, 493 So. 2d 1002, 1005 (Fla. 1986). The discretionary-function exception applies when "the governmental act in question involved an exercise of executive or legislative power such that, for the court to intervene by way of tort law, it inappropriately would entangle itself in fundamental questions of policy and planning." *Kaisner*, 543 So. 2d at 737.

Determining whether reasonable care would have led the Sheriff to remove the deputy from his position in the work program in order to protect Ms. Vaden and other participants from sexual abuse will not entangle the court in fundamental questions of policy and planning. The employer responsible for a work program obviously ought not leave in charge an employee who has shown himself to be

inappropriately sexually aggressive toward participants. The Sheriff surely does not deny this. The critical issue is not what the policy should have been, but what the Sheriff knew or should have known. This is hardly a fundamental policy question. *See Wallace*, 2009 WL 196394, at *12 (rejecting sovereign immunity defense when "this legal action merely asks the Court to consider the operational manner in which a safety check was conducted and implemented, not the fundamental wisdom of creating such a policy or program as an initial matter."); *see also Slonin v. City of West Palm Beach, Fla.*, 896 So. 2d 882, 883 (Fla. 4th DCA 2005) ("[T]here is no sovereign immunity barrier to making a claim against a governmental agency for negligent retention or supervision.").

Because Ms. Vaden has alleged a special duty of care and sovereign immunity does not apply, the Sheriff's motion to dismiss the negligent-supervision-and-retention claim is unfounded.

## IV.  Negligent Enforcement of Policies

### A.  Duty

Ms. Vaden does not fare as well on her negligent-enforcement-of-policies claim. Florida courts have rejected negligence claims against government actors based on the failure to follow internal policies. *See, e.g., Pollock*, 882 So. 2d at 936 ("in the context of governmental tort litigation, written agency protocols, procedures, and manuals do not create an independent duty of care."). The failure

to follow a policy may be evidence of other actionable negligence—such as the failure to use reasonable care in supervising or retaining the deputy—but a policy does not itself create an independent duty of care. This claim must be dismissed.

### B. *Sovereign Immunity*

The claim that the Sheriff failed to follow the applicable policies—when considered alone and not in conjunction with a failure to perform a separately actionable duty such as the duty to use reasonable care in supervising or retaining an employee—is also barred by sovereign immunity. This is so because the enactment and implementation of policies involves "the exercise of basic policy evaluation, judgment, and expertise on the part of the governmental agency involved[.]" *Wallace*, 2009 WL 196394, at *12; *Kaisner*, 543 So. 2d at 738 (saying that the courts are "powerless" to design, amend, or improve safety policies). This is an alternative basis for the dismissal of this claim; it would be a sufficient basis for the dismissal, standing alone.

## V. Conclusion

For these reasons,

IT IS ORDERED:

The defendant Larry Campbell's motion to dismiss (document 12) is GRANTED IN PART and DENIED IN PART. The negligent-supervision-and-retention claim (count V) is not dismissed. The negligent-enforcement-of-policies

claim (count VI) is dismissed with prejudice.  I do not direct the entry of judgment under Federal Rule of Civil Procedure 54(b).

    SO ORDERED on July 2, 2009.

                                      s/Robert L. Hinkle  
                                      United States District Judge